UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 08-57:25 (BJR) |
| v. | |
| EDIEL LOPEZ-FALCON,<br>    also known as "Muela," | |
| Defendant. | |

## STATEMENT OF FACTS

Were this case to proceed to trial, the United States of America would prove the following facts at trial beyond a reasonable doubt:

1.  This proffer of evidence is not intended to constitute a complete statement of all facts known by Defendant **EDIEL LOPEZ-FALCON** (hereinafter, "Defendant"), but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea and his sentencing. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for Defendant's plea of guilty to the charged offense, which carries with it a mandatory statutory minimum sentence. The Government submits that had there been a trial in this matter, the Government would have proven each of the facts as outlined beyond a reasonable doubt, and further that the facts satisfy each of the essential elements of the charge, as well as the amount and type of drugs involved, to which the Defendant is entering his plea.

2.  Beginning on or about 2000, and continuing until on or about February 2010, in Mexico and elsewhere, the Defendant was part of a conspiracy, the object of which was to: (1) to knowingly and intentionally manufacture and distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance, knowing and intending that such substance would be unlawfully imported into the United States from Mexico, and (2) to knowingly and intentionally manufacture and distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, knowing and intending that such substance would be unlawfully imported into the United States from Mexico; all in violation of 21 U.S.C. §§ 959(a) and 960; all in violation of U.S.C. § 963, and 18 U.S.C. § 2.

3. In furtherance of this conspiracy, the Defendant operated within the Mexican drug cartel known as "The Company," which was responsible for the distribution of multi-ton quantities of cocaine and marijuana intended for importation into the United States. In the furtherance of the conspiracy, The Company maintained an armed faction, known as "Los Zetas," which was made up of ex-military personnel, who acted as enforcers and hit-men to protect the drug trafficking territory of The Company from rival drug traffickers.

4. The Company controlled hundreds of miles of Mexican territory along the border of Mexico and the United States, as well as other regions throughout Mexico. The Company divided its territory into areas known as "plazas" and assigned each plaza region a leader known as a "plaza boss." The Company transported large cocaine shipments via boats, planes, and automobiles from Colombia and Venezuela to Guatemala, and then to various cities and plazas in Mexico. The Company transported large quantities of marijuana grown in Mexico to the border with the United States using tractor-trailers and other types of motor vehicles.

5. The Company then transported the shipments of cocaine and marijuana by various means from Mexico to cities in the United States for distribution. The amount of cocaine which The Company imported into the United States during the period charged in the Fourth Superseding Indictment well exceeded 450 kilograms, and the amount of marijuana which The

Company imported into the United States during the period charged in the Fourth Superseding Indictment well exceeded 90,000 kilograms. Defendant, along with other members of The Company, aided in carrying out the drug trafficking conspiracy.

6. The Company bribed and conspired with law enforcement and Mexican officials to facilitate their drug trafficking and related activities.

7. The Company routinely engaged in laundering the proceeds of narcotics sales in the United States through bulk cash smuggling from the United States to Mexico, in furtherance of the conspiracy.

8. The Company also actively engaged in the acquisition of weapons that were used to fight against members of rival drug trafficking organizations in an effort to protect routes used to transport cocaine and marijuana through Mexico to the United States border for importation into the United States. The Company also maintained routes that were used to transport drug proceeds from the United States, in the form of U.S. currency, back to Mexico.

9. As a member of The Company, the Defendant was closely associated with and Samuel FLORES-Borrego, also known as "Tres," and "Metro Tres," (hereinafter "FLORES"), a high-ranking member The Company. FLORES controlled The Company's operations in and around Reynosa and Miguel Aleman, Mexico, which are areas along the border with the United States. As a former Mexican law enforcement official, FLORES obtained and provided information to members of The Company regarding law enforcement operations directed against The Company, which helped members of The Company avoid capture and protected The Company's cocaine, marijuana, weapons, and money shipments. FLORES was also actively involved in managing the drug trafficking activities of The Company in Mexico, including the coordination of cocaine and marijuana shipments into the United States, as well as the receipt of

bulk currency shipments into Mexico from the United States. FLORES used violence and often utilized members of Los Zetas, The Company's armed faction, to that end, in the furtherance of the conspiracy.

10. The Defendant operated under the direction of FLORES and supported the mission of The Company, by becoming directly involved in the importation of cocaine and marijuana into the United States. The Defendant began as an independent drug trafficker around 1997 and began operating within The Company around 2000. As a member of The Company, the Defendant maintained stash locations in the area of Miguel Aleman, Tamaulipas, Mexico, where the drugs were stored for eventual transportation into the United States. The Defendant also collected payments on behalf of FLORES from individual drug traffickers who brought shipments of drugs through the Miguel Aleman plaza that did not belong to The Company collectively.

11. Pursuant to a judicially authorized wiretap, Defendant was intercepted discussing shipments of marijuana and the payments of bulk cash with FLORES, among other things in the furtherance of the conspiracy.

12. During the course of the conspiracy, the quantity of cocaine that the drug trafficking organization imported into the United States reasonably foreseeable to the Defendant well exceeded 450 kilograms of cocaine; and the quantity of marijuana that the drug trafficking organization imported into the United States reasonably foreseeable to the Defendant well exceeded 90,000 kilograms. The Defendant knew at the time he participated in the conspiracy that the cocaine and marijuana would be distributed in the United States.

13. This Statement of Facts does not purport to include all of the Defendant's illegal or relevant sentencing conduct during the course of his conspiracy. Nor does it purport to be an

inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his co-conspirators. The Defendant acknowledges that there are additional details about his involvement in the drug trafficking conspiracy that are not included in this statement.

14. This statement is intended to be limited to show that he is guilty of the crime to which he is pleading guilty. It represents enough information for the Court to find a factual basis for accepting the Defendant's guilty plea for an offense carrying a mandatory minimum sentence.

15. The Defendant agrees venue and jurisdiction pursuant to 18 U.S.C. § 3238 lie with this Court.[1]

16. The Defendant also agrees that his participation as a conspirator in the above-described acts was in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

Respectfully submitted,

ARTHUR G. WYATT

---

[1] In the event that the Court does not accept the Rule 11(c)(1)(C) plea agreement, the Defendant has waived his right to challenge venue and jurisdiction with prejudice.

|  |  |  |
|---|---|---|
|  |  | CHIEF<br>CRIMINAL DIVISION<br>NARCOTIC AND DANGEROUS DRUG SECTION |
| Date: 1/27/15 | By: | _____<br>Adrian Rosales<br>Kelly B. Lake<br>Trial Attorney |
| Approved by:<br>Date: 1/27/15 | By: | _____<br>Jerold P. McMillen<br>Deputy Chief, Litigation |

## DEFENDANT'S CONCURRENCE WITH STATEMENT OF FACTS

    I have reviewed a Spanish translation of this factual proffer and have discussed it with my attorney, Ron Earnest. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this factual proffer fully. This factual proffer has been translated into Spanish for me. I understand that the English version controls.

_____        1/26/15
Ediel Lopez-Falcon                                              Date
Defendant

    I am the attorney for EDIEL LOPEZ-FALCON. I have carefully reviewed the above Statements of Facts with my client with the assistance of a federally court-certified English-Spanish interpreter. To my knowledge, my client's decision to stipulate to these facts is an informed and voluntary one.

_____        1/26/15
Ron Earnest, Esq.                                               Date
Attorney for the Defendant