## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CRIMINAL NO. 08-57:25 (BJR) |
| **v.** | |
| **EDIEL LOPEZ-FALCON,**<br>    **also known as "Muela,"** | |
| **Defendant.** | |

### PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section (hereinafter referred to as the or this "Office") of the Criminal Division, United States Department of Justice (hereinafter referred to as the "United States" or "Government") and Ediel Lopez-Falcon, also known as "Muela" (hereinafter "Defendant") enter into the following Plea Agreement (hereinafter "Agreement"):

1.     The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with knowingly, willfully, and intentionally conspiring with others to commit certain offenses against the United States, namely conspiracy to: (1) to knowingly and intentionally manufacture and distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States from Mexico, and (2) to knowingly and intentionally manufacture and distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, knowing and intending that such substance would be unlawfully imported into the

1

United States from Mexico; all in violation of 21 U.S.C. §§ 959(a) and 960; all in violation of

U.S.C. § 963, and 18 U.S.C. § 2.

2.     The Defendant agrees to the Joint Statement of Stipulated Facts signed by him

which is attached to this Plea Agreement and incorporated herein.

3.     The Defendant understands that the crime to which the Defendant is pleading

guilty carries a statutory mandatory minimum term of imprisonment of ten (10) years and a

maximum term of life imprisonment, a fine not to exceed $10,000,000 and a period of supervised

release of at least five (5) years.  The Defendant understands that the Court cannot place him on

probation or suspend his sentence and that he is not eligible for parole.  The Defendant also

understands that he will not be able to withdraw his guilty plea if he believes the sentence the

Court imposes is too harsh.

4.     The Defendant further understands that a special assessment in the amount of

$100 will be imposed.  The Defendant agrees that any special assessment imposed shall be paid

at the time of sentencing.

5.     The Defendant understands that the Court will impose a sentence in accordance

with the factors set forth in 18 U.S.C. § 3553(a).  Moreover, the Defendant understands that

pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the

federal courts are not bound by the Federal Sentencing Guidelines ("Sentencing Guidelines" and

"Guidelines"), but must consult those Guidelines and take them into account when sentencing.

6.     The United States promises to inform the Court and the Probation Office of all

facts pertinent to the sentencing process, including all relevant information concerning the

offenses committed, whether charged or not, as well as concerning the Defendant and the

Defendant's background.

2

7.      The Defendant and the Government agree that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, **216 months imprisonment** is the appropriate sentence for the offense to which the Defendant is pleading guilty.

8.      The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this Plea Agreement between the parties to the Court for its approval.  If the Court accepts this Plea Agreement and the specific sentence agreed upon by the parties, then the Court will sentence the Defendant as agreed upon in paragraph seven (7), pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

9.      The parties understand, however, that in light of other factors, the Court may not agree that the sentence is an appropriate one and may reject the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure.  The Defendant understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the Plea Agreement, and will afford the Defendant an opportunity to withdraw the plea, or if the Defendant persists in the guilty plea, the Court will inform the Defendant that a final disposition may be less favorable to him than that contemplated by this Plea Agreement.

10.     The Defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title, and interest which the Defendant may have in any asset, located within the jurisdiction of the United States or elsewhere, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the Defendant for a period of not less than 10 years prior to the date of the signing of this Plea Agreement that were involved in, used in, intended for use in, or obtained through narcotics violations, as well as any asset, interest, or proceeds the Defendant received or could

3

receive or cause to be received by a third party in the future, directly or indirectly, in whole or in part, from the Defendant's illegal activities.  The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.  The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States or another third country as requested, and to testify truthfully in any judicial forfeiture proceeding.  The Defendant acknowledges that all property covered by this Plea Agreement is subject to forfeiture as proceeds of illegal conduct.

11.     The Defendant agrees that, pursuant to 18 U.S.C. § 3143, he shall remain detained without bond pending his sentencing in this case.

12.     The Defendant acknowledges discussing with counsel Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a Defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  The Defendant knowingly and voluntarily waives the rights

4

which arise under these rules, except that the Defendant does not waive these rights if the plea is

withdrawn pursuant to Rule 11(d)(2)(A).  As a result of this limited waiver, the Defendant

understands and agrees that any statements which are made in the course of his guilty plea

pursuant to this Plea Agreement will be admissible against him for any purpose in any criminal

or civil proceeding if his guilty plea is subsequently withdrawn, except if the plea is withdrawn

pursuant to Rule 11(d)(2)(A).

13.     The Defendant understands that his compliance with each part of this Plea

Agreement extends throughout and beyond the period of his sentence, including any period of

supervised release, and failure to abide by any term of the Plea Agreement is a violation of the

Plea Agreement.  The Defendant further understands that in the event that he violates this Plea

Agreement, the Government, at its option, may either move to vacate the Plea Agreement,

rendering it null and void, and thereafter prosecute the Defendant not subject to any of the limits

set forth in this Plea Agreement, or to resentence the Defendant.  The Defendant understands and

agrees that in the event that he does not execute this Plea Agreement, the court rejects the Plea

Agreement in whole or in part, or the Defendant breaches the terms and conditions of this Plea

Agreement either before or after its execution , and the Government elects to void the Plea

Agreement and prosecute the Defendant, any prosecutions for offenses that are not time-barred

by the applicable statute of limitations on the date the Defendant notified the court of his intent

to plead guilty, on January 21, 2015,  prosecution may be commenced against the Defendant in

accordance with this paragraph, notwithstanding the expiration of the statute of limitations

between that date and the commencement of such prosecutions.

14.     The Defendant agrees to withdraw with prejudice all pending pretrial motions,

including his previous venue challenge.  The Defendant understands and agrees that in the event

5

the Defendant does not execute this Plea Agreement, the court rejects the Plea Agreement in whole or in part, or the Defendant breaches the terms and conditions of this Plea Agreement either before or after execution, the Defendant agrees to waive any future claims or defenses that venue is improper in the District of Columbia and be prosecuted in the District of Columbia, if the Government so elects, as noted above.

15.   Nothing in this Plea Agreement shall be construed to prohibit the United States from using any statements, information, documents, or physical evidence obtained from the Defendant pursuant to this Plea Agreement to prosecute him for perjury, false statement, and/or obstruction of justice or any other offense committed by him.

16.   The United States reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the Probation Office or the Defendant.

17.   The Defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorneys.

18.   The Defendant is aware that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the Defendant hereby knowingly waives all rights conferred by 18 U.S.C. § 3742 to appeal his finding of guilt, his conviction, and any sentence imposed on any ground whatsoever, including any restitution order, or to appeal the manner in which the sentence was imposed, including any challenges to the constitutionality of

the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute. The Defendant further understands that nothing in this Plea Agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to §3742(b), the Defendant shall be released from the above waiver of appellate rights.

19.     The Defendant agrees to waive all rights he would have if he chose to go to trial, including without limitation, his rights to challenge venue or statute of limitations, to a jury trial with the assistance of an attorney; to confront and cross examine Government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to pursue any affirmative defenses and present evidence; and to any further discovery from the Government either now or at any future time, including at sentencing. The Defendant understands that by waiving discovery in this case, this includes any right he may have to any further discovery about the Government's witnesses or case, under Rule 16 (discovery and inspection) and Rule 26.2 (witness statements) of the Federal Rules of Criminal Procedure, and pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or their progeny. Understanding the aforementioned rights and facts, and in exchange for the undertakings made by the United States in this Plea Agreement, the Defendant knowingly, intelligently, and voluntarily waives all of these rights.

20.     In addition to the waiver of any other right resulting from his plea, the Defendant waives, without limitation, any right to challenge or appeal any claim that the Defendant and his crimes were not subject to the jurisdiction of the United States.

21.     The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

7

records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a. The Defendant also hereby waives his right to file any collateral attack on his conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that the Defendant reserves his right to claim that his counsel was ineffective in connection with the negotiation of this Plea Agreement, the entry of his guilty plea, or the arguments made at sentencing.

22.     By signing this Plea Agreement, the Defendant and counsel for the Defendant acknowledge that they have discussed the appeal waiver with each other, and that defense counsel, along with the prosecutor, will request that the Court enter a specific finding regarding the Defendant's knowing and voluntary waiver of his right to appeal the finding of guilt, his conviction, and the sentence imposed, and his knowing and voluntary waiver of any other rights identified in paragraphs nineteen (19) through twenty-two (22).

23.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a drug trafficking offense, removal is presumptively mandatory. Because removal and other immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorneys or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration

consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

24.     This Plea Agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice.  It does not bind any other office or agency of the United States Government.  These offices and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

25.     There are no other agreements, promises, understandings or undertakings between the Defendant and the Government.  The Defendant understands and acknowledges that there can be no valid addition or alteration to this Plea Agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.


                              ARTHUR G. WYATT
                              CHIEF
                              NARCOTIC & DANGEROUS DRUG SECTION
                              CRIMINAL DIVISION
                              U.S. DEPARTMENT OF JUSTICE


Date: _1/27/15_          By: _____
                              Adrian Rosales
                              Kelly B. Lake
                              Trial Attorneys


Approved by:

Date: _1/27/15_          By: _____
                              Jerold P. McMillen
                              Deputy Chief, Litigation


9

## DEFENDANT'S ACKNOWLEDGEMENT

I have reviewed this Plea Agreement with my attorney, Ron Earnest, Esquire, and a qualified Spanish interpreter/translator. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense to which I am pleading guilty. This Plea Agreement has been translated into Spanish for me. I understand that the English version controls.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

_____          _____
Ediel Lopez-Falcón                        Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant the Defendant's rights, and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_____          _____
Ron Earnest                               Date
Attorney for Defendant

10