IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | **Criminal Docket No. 1:08-CR-57** |
| EDIEL LOPEZ FALCON | * | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW **Ediel Lopez Falcon,** *Defendant* herein, through counsel of record Arnulfo Guerra, Jr., to respond to the Government's Sentencing Memorandum filed in the above-styled criminal action, and for grounds respectfully states the following:

I.
*Plea Agreement Does Not Render Sentencing Issues Moot*

The Defendant respectfully acknowledges the Rule 11(c)(1)(C) plea agreement to which he entered his plea of guilty and which is part of the record in this case. Should the honorable Court accept this plea agreement, and the agreed upon sentence be imposed, the sentencing issues raised in the Government's Sentencing Memorandum and in the Presentence Report will not automatically be rendered moot once the sentencing proceeding has terminated. For the Bureau of Prisons (BOP), the Presentence Report is one of the most import documents in a case. It will accompany Defendant upon his entry into the Bureau of Prisons system, and the objected-to allegations that appear in the Report and the findings of fact made by the honorable Court will be used by the Bureau of Prisons to classify and rank Defendant in degree of danger. Defendant will thus be designated to what the Bureau believes to be the appropriate institution based on an order of severity, ranging from camp, low, medium all the way up to "United States

Penitentiary" (USP) based on a score according to the application of its criteria to the allegations in the Presentence Report.

USP's are extremely violent environments because of the typically high sentences that run among the prison population, among other factors, and one stands out as possibly the most violent in the United States based on inmate-to-inmate violence—the USP at Beaumont, Texas. As the Presentence Report now stands, it is highly likely that the controverted allegations in the Presentence Report will cause Defendant to be designated to a USP, which in all likelihood will be the one at Beaumont—the only one in Texas. The USP there is referred to as "Bloody Beaumont" because of the high murder rate and extreme violence that has occurred there regularly since its inception 25 years ago.

II.
*Defendant's Objections To The Presentence Report*

Defendant has previously filed his objections to the Presentence Report prepared in this case, and has objected in writing to material found in Paragraphs 40 through 46, and 92. The Defendant continues to deny the truth of these allegations and moves the Court for an order striking them from the Presentence Report. At this stage of the proceedings, for the government to reiterate and re-emphasize allegations not admitted by the Defendant and not proven beyond a reasonable doubt should be considered a breach of the written, signed plea agreement between the parties. These are the same allegations that the Government included in its first two proposed plea agreements and factual basis that were rejected by Defendant in open court. The appropriate remedy is to strike the offending paragraphs of the Presentence Report. If the honorable Court does not strike the objected-to allegations and order that the Presentence Report be revised accordingly, then the Government—through its argument in its Sentencing Memorandum—will have succeeded in circumventing the Rule 11(c)(1)(C) by causing

Defendant to be subjected to the same penal circumstances that he would have otherwise suffered had he accepted either of the first two plea agreements.

Even if the Court were to decline to find the government in breach of the plea agreement, the Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005), by strong implication counsels the exclusion of the government's unsupported allegations as findings of fact to be included in a presentence report. Cases involving the applicability of an armed career criminal enhancement (ACCA) requested by the government have led to the Fourth Circuit holding that courts should limit their reliance to "examining the statutory definition, written plea agreement, and any explicit factual finding by the trial judge to which the defendant assented." *See United States v. Tucker,* 603 F.3d 260, 266 (4th Cir. 2010); *also United States v. Span,* No. 14-4655 (4th Cir. June 8, 2015).

The government through its objections requested a role enhancement. The Probation Office's response is as follows:

> An aggravating role adjustment was not applied.  Although his role in the conspiracy could be considered to be elevated over that of the individuals he used to transport the drugs across the border, he did not appear to have the role of a manager, supervisor, leader, or organizer of the conspiracy as it is defined under USSG §3B1.1.

Defendant stands by his original objections to these allegations; they are neither proven, nor acknowledged by the defendant, and are from sources not approved by *Shepard.*  Defendant respectfully moves this Court for an order to amend the Presentence Report and remove the objected-to paragraphs.

Should the honorable Court deny the Rule 11(c)(1)(C) plea agreement, Defendant will respectfully withdraw his plea of guilty, re-assert his pretrial constitutional rights, and ask for additional time to prepare for trial.

Respectfully submitted,

**/S/**
ARNULFO GUERRA, JR.
State Bar #08574100
Fed ID# 2732
4610 South US Bus Hwy 281
Edinburg, TX 78539
Cell:   956-457-2798
Ofc:    956-219-7693
Fax:    866-333-7303

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2015, I filed a copy of the foregoing *Defendant's Response to Government's Sentencing Memorandum* via the U.S. District Court's electronic filing system, which automatically notifies all parties to this litigation.

**/S/**
ARNULFO GUERRA JR.