UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff,** | : | Criminal Action |
| | : | No. 08-57-25 |
| **v.** | : | |
| | : | |
| **EDIEL LOPEZ-FALCON,** | : | February 3, 2015 |
| | : | 10:10 a.m. |
| | : | |
| | : | |
| **Defendant.** | : | Washington, D.C. |
| | : | |
| .............................. | : | |

**TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS**
**BEFORE THE HONORABLE BARBARA J. ROTHSTEIN,**
**UNITED STATES DISTRICT COURT JUDGE**

APPEARANCES:

For the United States:     **Adrian Rosales, Assistant U.S.**
                           **Attorney**
                           U.S. DEPARTMENT OF JUSTICE
                           Narcotic and Dangerous Drug
                           Section
                           145 N Street, NE
                           Second Floor, East Wing
                           Washington, DC 20530
                           (202) 598-2281
                           Fax: (202) 514-0483
                           Email: Adrian.rosales@usdoj.gov

                           **Kelly Barbara Lake, Assistant U.S.**
                           **Attorney**
                           U.S. DEPARTMENT OF JUSTICE
                           Criminal Division
                           145 N Street, NE
                           East Wing, 2nd Floor
                           Washington, DC 20530
                           (202) 305-9283
                           Email: Kelly.lake2@usdoj.gov

APPEARANCES:  Cont.

For the Defendant:            **Ron Earnest, Esq.**
                             LAW OFFICES OF RON EARNEST
                             6801 Kenilworth Avenue
                             Suite 120
                             Riverdale, MD 20737
                             (240) 401-5277
                             Fax: (240) 536-9194
                             Email: Ronearnest@gmail.com

                             **Arnulfo Guerra, Esq.**
                             721 E. Esperanza Avenue
                             McAllen, TX 78501
                             (956) 457-5853
                             Fax: (866) 333-7303
                             Email: Guerralaw@gmail.com

Court Reporter:              **Scott L. Wallace, RDR, CRR**
                             Official Court Reporter
                             Room 6503, U.S. Courthouse
                             Washington, D.C. 20001
                             202.354.3196
                             scottlyn01@aol.com

Interpreter:                 Jaime de Castellvi
Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

<u>**MORNING SESSION, FEBRUARY 3, 2015**</u>

(10:09 a.m.)

THE COURTROOM CLERK:  This is criminal 08-57, United States of America versus Ediel Lopez-Falcon.  Appearing for the government, Mr. Rosales and Ms. Lake.  For the defendant, Mr. Earnest and Mr. Guerra.

MS. LAKE:  Good morning, Your Honor.

THE COURT:  Good morning, Your Honor.

MR. EARNEST:  Good morning, Your Honor.

MR. GUERRA:  Good morning, Your Honor.

THE COURT:  Are we ready to proceed?

MR. ROSALES:  I believe so, Your Honor.

MR. EARNEST:  Yes, Your Honor.

THE COURT:  Okay.  Mr. Guerra, let me ask you -- Well, who's going to be conducting it?

MR. EARNEST:  I will do be doing it.

THE COURT:  Okay.  It's my understanding that the defendant intends to plead guilty; is that correct?

MR. EARNEST:  Yes, Your Honor.

THE COURT:  And you're ready to proceed?

MR. EARNEST:  We're ready to proceed.

THE COURT:  Okay.  Mr. Lopez-Falcon.

THE DEFENDANT:  Yes.

THE COURT:  It's the requirement that before you answer any of the questions that I will be posing to you this morning,

1    that you be placed under oath.  That means that your answers to

2    my questions must be truthful at all times or you can be

3    prosecuted for perjury once you're placed under oath.  Do you

4    understand that?

5          THE DEFENDANT:  Okay.  Yes, I understand.

6          THE COURT:  Would you raise your right hand and be sworn

7    by the clerk.

8        (EDIEL LOPEZ-FALCON, DEFENDANT IN THE CASE, SWORN)

9          THE COURT:  Thank you.  Perhaps he should approach the

10   microphone.

11         THE DEFENDANT:  Okay.

12         THE COURT:  What is your true and correct name?

13         MR. EARNEST:  Could I have a moment?

14         THE COURT:  Yes.

15         (Thereupon, a discussion was off the record.)

16         THE DEFENDANT:  Ediel Garcia.

17         THE COURT:  And what is your age?

18         THE DEFENDANT:  Forty years.

19         THE COURT:  And the date of your birth?

20         THE DEFENDANT:  March the 8th of 1974.

21         THE COURT:  And Mr. Lopez-Falcon, have you been treated at

22   any time for a mental illness?

23         THE DEFENDANT:  No.

24         THE COURT:  Have you -- are you or have you been addicted

25   to any drugs or narcotics?

1           THE DEFENDANT:  No.

2           THE COURT:  Are you currently under the influence of any

3    medications or drugs or alcohol?

4           THE DEFENDANT:  No.

5           THE COURT:  Okay.  Counsel, to the best of your knowledge,

6    is the defendant competent to enter a plea or are there any

7    problems I should know about?

8           MR. EARNEST:  He is competent to enter a plea, Your Honor.

9    There are no problems.

10          THE COURT:  Okay.  Then I am going to make the finding

11   that the defendant is fully competent to enter a plea today.

12          Mr. Lopez-Falcon, have you received a copy of the

13   indictment that is pending against you?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And you know that the indictment contains

16   written charges made against you?  Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Have you had a chance to read the indictment

19   and to discuss it fully with your attorney?

20          THE DEFENDANT:  Yes.

21          THE COURT:  So it has been translated for you; is that

22   correct?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Okay.  I'm going to review the charges and the

25   possible penalties that you are expected to plead to today.  I am

1   going to ask the government's attorney to review those charges

2   and to state the maximum penalties and any minimum penalties, so

3   I'm going to ask that you listen closely to what the attorney

4   tells me and counsel.

5        If you could take your seat again for me.

6        MR. ROSALES:  At this time, Your Honor, would you like me

7   to review the plea agreement as well or just the charges?

8        THE COURT:  Just the charges at this time.

9        MR. ROSALES:  Your Honor, today the defendant will be

10  entering a plea of guilty to Count 1 of the indictment which

11  charges the defendant with knowingly, willfully and intentionally

12  conspiring with others to commit certain offenses against the

13  United States, namely conspiracy to knowingly and intentionally

14  manufacture and distribute five kilograms or more of a mixture

15  and substance containing a detectible amount of cocaine, a

16  Schedule II controlled substance, knowing and intending that such

17  substance would be unlawfully imported into the United States

18  from Mexico, and to knowingly and intentionally manufacture and

19  distribute 1,000 kilograms or more of a mixture and substance

20  containing a detectible amount of marijuana, a Schedule I

21  controlled substance, knowing and intending that such substance

22  would be unlawfully deported into the United States from Mexico,

23  all in violation of Title 21 of the United States Code Sections

24  959A and 960, all in violation of United States Code Section 963

25  and Title 18, United States Code Section 2.  The maximum penalty

1  for this charge is a term of life in prison, and the minimum

2  statutory penalty is ten years in prison.

3         THE COURT:  Thank you.  Mr. Lopez-Falcon, would you come

4  back to the microphone.

5         Counsel, does that correctly set forth the charges?

6         MR. EARNEST:  Yes, Your Honor.

7         THE COURT:  Mr. Lopez-Falcon, do you understand the

8  charges against you and the possible penalties?

9         THE DEFENDANT:  Yes.

10        THE COURT:  Now, after a sentence is imposed, there is the

11 possibility of a period of supervised release that would follow

12 your sentence.  During the period of supervised release, there

13 will be a set of conditions with which you must comply.  These

14 will be explained to you by a probation officer.  Some of the

15 conditions will be that you will obey the law and that you report

16 to your probation officer and comply with the conditions that are

17 set.  If you violate any of those conditions, then the matter

18 would be brought before the Court, and if the Court makes a

19 finding that you violated the conditions, you could be imprisoned

20 up to the full term of your supervised release.  Do you

21 understand that?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Mr. Lopez-Falcon, are you satisfied with the

24 representation you've received from your attorneys in this

25 matter?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And are you proceeding with their advice?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And you've discussed this matter with your

5     attorneys?  You discussed it fully?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Okay.  The Court has been furnished with a

8     written plea agreement.  Do you have that document?

9          MR. EARNEST:  Actually, we don't have one in front of us.

10          THE COURT:  Well, let's remedy that, if we can.

11          MR. EARNEST:  Now we do.

12          THE COURT:  Thank you.  Thank you, Mr. Rosales.

13          You've seen this document, Mr. Lopez-Falcon?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And it's been translated for you?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And you've discussed it thoroughly with your

18     attorney?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Is this the copy he has signed or is there

21     somewhere a copy that he has signed, the last page?

22          THE DEFENDANT:  Yes, this is the copy that he has signed.

23          THE COURT:  Okay.  Mr. Lopez-Falcon, I am going to go

24     through the plea agreement with you, okay, and it's important

25     that you pay close attention to make sure that the plea agreement

1  contains all of the promises that have been made to you and that

2  there haven't been any other promises that are not contained in

3  the plea agreement, okay.  So let's go through it together.

4  Okay.  Paragraph 1, you agree to plead guilty to Count 1 of the

5  indictment, and we have already gone through what the charges are

6  in paragraph 1, so I'm going to move to paragraph 2.

7         We're going to go over the statement of stipulated facts

8  that is incorporated in this plea agreement, but you agree that

9  the stipulated facts are true and correct?  You stipulate to that

10 fact?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Okay.  You understand that the crime to which

13 you're pleading guilty today carries a statutory mandatory

14 minimum of ten years?  Do you understand that?

15        THE DEFENDANT:  Yes.

16        THE COURT:  And a maximum term of life imprisonment.  Do

17 you understand that?

18        THE DEFENDANT:  Yes.

19        THE COURT:  And a fine not to exceed $10 million.

20        THE DEFENDANT:  Yes.

21        THE COURT:  And a period of supervised release of at least

22 five years; is that correct?

23        THE DEFENDANT:  Yes.

24        THE COURT:  You understand that you are not eligible for

25 parole and you could not be placed on probation, nor can your

1    sentence be suspended.

2        THE DEFENDANT:  Yes.

3        THE COURT:  Now, you understand the special assessment of

4    a hundred dollars will be immediately imposed?

5        THE DEFENDANT:  Yes.

6        THE COURT:  You understand that the Court will impose a

7    sentence in accordance with the factors set forth in 18 U.S.C.

8    3553(a)?  Has your attorney explained those factors to you?

9        THE DEFENDANT:  Yes.

10       THE COURT:  And you understand that although there are

11   Federal Sentencing Guidelines, those guidelines are not binding

12   on the Court?

13       THE DEFENDANT:  Yes.

14       THE COURT:  Although the Court must consult with them and

15   take them into account at the time of your sentence.  You

16   understand that?

17       THE DEFENDANT:  Yes.

18       THE COURT:  At the time of your probation report, the

19   government will inform the Court as to all the facts it knows,

20   whether charged or not.  Do you understand that?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Now, I'm into paragraph 7 in which I see that

23   you and the government agree that pursuant to your 11(c)(1)(C) of

24   the Federal Rules of Criminal Procedure, you and the government

25   agree that 216 months imprisonment is the appropriate sentence

1    for the offense to which you will be pleading guilty today; is

2    that correct?

3         THE DEFENDANT:  Yes.

4         THE COURT:  And again, the government agrees to present

5    this to the Court.  And if the Court accepts that sentence, that

6    would be okay, but if the Court declines to accept that sentence,

7    you will have the opportunity to withdraw this plea; is that

8    correct?

9         THE DEFENDANT:  Yes.

10        THE COURT:  And I'm going to ask the government; is that

11   correct?

12        MR. ROSALES:  That is correct, Your Honor.

13        THE COURT:  Okay.  If you decide to plead guilty anyway,

14   even if the Court rejects this agreement, the Court will inform

15   you as to the sentence it intends to impose, and then you can

16   make a decision whether you wish to go forward with the guilty

17   plea or not.  Do you understand that?

18        THE DEFENDANT:  Yes.

19        THE COURT:  On to paragraph 10.  Are you with me counsel?

20        MR. EARNEST:  Yes, Your Honor.

21        THE COURT:  You agree to forfeit and give to the United

22   States prior to the date of your sentencing any right, title and

23   interest which you may have in any assets located within the

24   jurisdiction of the United States or elsewhere, and that includes

25   cash, negotiable instruments, securities, property, or other

1    things of value, including any property which has been

2    transferred or sold or deposited with a third party for a period

3    of not less than ten years prior to the date of the signing of

4    this plea agreement; that any assets that were involved or used

5    or obtained through narcotic violations, as well as any asset,

6    interest or proceeds that you received or caused to be received

7    by a third party resulting from your illegal activities.  Do you

8    understand that?

9         THE DEFENDANT:  Yes.

10        THE COURT:  You agree to consent to the entry of orders of

11   forfeiture for such property and waive the requirements of

12   Federal Rules of Criminal Procedure 32.2 and 43 A regarding

13   notice of the forfeiture, correct.

14        THE DEFENDANT:  Yes.

15        THE COURT:  You understand that the forfeiture assets as

16   part of the sentence that may be imposed in this case?  Do you

17   understand that?

18        THE DEFENDANT:  Yes.

19        THE COURT:  I'm going to ask government's counsel -- I

20   don't understand what the remaining portion of that sentences is.

21   He waives any favor of the court to advise him of this?  I'm

22   advising him of that, right?

23        MR. ROSALES:  That's correct, Your Honor.

24        THE COURT:  We'll leave that part out.  And you're going

25   to waive all rights you have to any Constitutional or challenges

1  by any means to the forfeitures that we're talking about; is that

2  correct?

3        THE DEFENDANT:  Yes.

4        THE COURT:  You also agree to help the United States and

5  take all steps they ask for to give them clear title to the

6  forfeitable assets and testify truthfully in any forfeiture

7  proceeding, correct?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Moving to paragraph 11.  You agree that you

10  will be detained without bond while you await your sentence in

11  this case?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Paragraph 12.  You have discussed with your

14  counsel that ordinarily statements that you make in the course of

15  a guilty plea would be -- well, they will be admissible now; is

16  that correct, counsel?

17        MR. EARNEST:  Yes, Your Honor.

18        THE COURT:  If this plea is later withdrawn, statements

19  that you make here today can be used against you.  Do you

20  understand that?

21        THE DEFENDANT:  Yes.

22        THE COURT:  Okay.

23        MR. EARNEST:  I'm sorry, Your Honor.  The very last thing

24  that you said, I believe that the previous paragraph refers to

25  meetings that the government -- the defendant and his counsel may

1   have had in the course of this case, and so that we acknowledge

2   is the statements that would be admissible if he withdrew his

3   plea or if the plea did not go forward anyway.  But I believe

4   that what he states today, should the plea -- it's a formality --

5   should the plea not go, if Your Honor were to reject the plea, I

6   believe that the statements that he makes today, the

7   acknowledgements that he makes today would not be admissible.  Am

8   I correct?

9        THE COURT:  The language is ambiguous, so I'm going to ask

10  government's counsel to make -- if the plea is withdrawn as a

11  result of my not going along with the parties' agreement, is the

12  provision that then he would not be able -- these statements

13  would not be able to be used against him?

14       MR. EARNEST:  That's correct, the statements made today.

15       THE COURT:  Statements made today.

16       MR. EARNEST:  But previous statements which may have been

17  protected by a letter or a guaranty by the government that they

18  wouldn't be used against him, those statements would be

19  admissible as a result of this agreement.

20       THE COURT:  Previous statements, not the ones here today;

21  is that correct?

22       MR. ROSALES:  That's correct, Your Honor.  Any statements

23  he makes today, if the Court rejects the plea, will not be used

24  against him in future proceedings.

25       THE COURT:  Okay.  All right.

1          MR. EARNEST:  Thank you, Your Honor.

2          THE COURT:  Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  It's important that you understand, but it's

5     also important that we understand.

6          THE DEFENDANT:  Yes.

7          THE COURT:  Okay.  I am not sure I fully understand

8     paragraph 13, so do you want to explain, counsel.

9          MR. EARNEST:  I'll defer to Mr. Rosales.  I think it may

10    also be a --

11         THE COURT:  This is basically saying if he violates the

12    plea agreement, you reserve the right to take him to trial.

13         MR. ROSALES:  That is correct.

14         THE COURT:  That you will void the plea agreement and

15    prosecute him for any offenses that are pending, and if any have

16    become subject to the statue of limitations between now and the

17    date of sentencing, the statute of limitations will not apply; is

18    that correct?

19         MR. ROSALES:  That is correct.  It also ensures the

20    defendant's compliance with the portions of the plea agreement

21    that speak about the forfeiture, which he must help us identify

22    the assets.  That is a continuing obligation, which is why in the

23    beginning of paragraph 13 it says that the defendant understands

24    that his compliance with each part of this plea agreement extends

25    throughout the period of the sentence.

1          THE COURT:  Because that would apply to forfeitures that

2     may take place after the time of sentencing.

3          MR. ROSALES:  That is correct.

4          THE COURT:  Thank you.  Moving on to paragraph 14, the

5     defendant agrees to withdraw all pending motions and waive any

6     forfeiture claims or defenses that venue is improper in the

7     District of Columbia and agrees to be prosecuted in the District

8     of Columbia if the government so elects in the event that the

9     plea does not go forward.  Is that correct?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Nothing in the plea agreement will prohibit

12     the government from using any statements, information, evidence

13     whatsoever obtained from the defendant pursuant to this plea

14     agreement or to prosecute you for perjury for any false

15     statements made by you; is that correct?

16          THE DEFENDANT:  Yes.

17          THE COURT:  The government reserves the right to dispute

18     any material facts pertinent to the sentencing, to use any

19     information material, whether or not obtained from you pursuant

20     to the plea agreement, and to correct factual errors if made by

21     the probation department.  Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  I'm going to ask you, Mr. Lopez-Falcon, have

24     any threats been made to you concerning this plea agreement, to

25     you or your loved ones by anyone connected with the government?

1          THE DEFENDANT:  No.

2          THE COURT:  Are you making this plea freely and

3    voluntarily because of the fact that you are, in fact, guilty of

4    the charges in Count 1?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Okay.  If you did not plead guilty today, you

7    would have the right to appeal whatever sentence is imposed in

8    this case.  You knowingly waive that right to appeal your finding

9    of guilt and any sentence imposed -- Well, that doesn't -- this

10   is not really quite the way one would word it.

11         At the time of your sentencing, if you accept the sentence

12   of the Court and that either one of the parties have agreed upon,

13   or if the Court has decided not to go along with the 216 months

14   and imposes a greater or lesser sentence and you agree to accept

15   that sentence, at that time the plea agreement -- the Court will

16   accept the plea agreement, if you agree to the sentence, and then

17   you would be giving up your right to appeal that sentence.  Do

18   you understand that?

19         THE DEFENDANT:  Yes.

20         THE COURT:  I think that says that more correctly than in

21   the paragraph.

22         MR. EARNEST:  I agree, Your Honor.  Before we discussed

23   it, that's what I explained to him, that if Your Honor were to

24   impose that sentence, the right to appeal that sentence would be

25   waived because that was the agreement.

1    THE COURT:  But I think they're also saying -- and the

2    government's attorney can also help me with this -- is that if at

3    the time of sentencing the Court chooses another sentence, am I

4    right, and he goes along with that other sentence, the Court

5    accepts that plea agreement at the time and he accepts the

6    sentence, then he would also waive his right to appeal, right?

7    MR. ROSALES:  That is correct, Your Honor.

8    THE COURT:  If there's a difference other than the 216

9    months; is that correct?

10    MR. ROSALES:  That's correct.

11    THE COURT:  Do you understand what we're talking about,

12    Mr. Lopez-Falcon?

13    THE DEFENDANT:  Yes.

14    THE COURT:  And that would include any restitution orders,

15    any forfeiture orders that were included in the sentence.  Do you

16    understand that?

17    THE DEFENDANT:  Yes.

18    THE COURT:  Do you realize, Mr. Lopez, if you did not

19    plead guilty today, I'm reading -- there is paragraph 19, but

20    it's also -- if you did not plead guilty today, you would have

21    the right to a trial in this matter and it would be a trial by

22    jury, and during that trial you would have the right to

23    assistance of counsel, and if you could not afford counsel,

24    counsel would be appointed for you at the public's expense.

25    At the trial, you would be presumed innocent.  That means

1  that the government would have to prove your guilt beyond a

2  reasonable doubt.  You would have the right to see and hear and

3  cross-examine all of the government's witnesses.  You would have

4  the right to present your own witnesses, compelling them to come

5  by subpoena issued by this Court if that were necessary.

6       You, yourself, would have the right to either testify or

7  remain silent, as you wished.  The Constitution gives you a right

8  to remain silent, if you wished to do so, at your own trial, and

9  if you decide not to testify, there can be no comment made or

10 fact introduced about the fact that you choose not to testify.

11 The verdict of the 12 jurors would have to be unanimous.  Do you

12 understand that if you plead guilty today, you're giving up all

13 of those rights -- there will be no trial -- all of the rights I

14 just mentioned?  Do you understand that?

15      THE DEFENDANT:  Yes.

16      THE COURT:  Another right that you're giving up is that if

17 the jury convicted you at the trial, you would have the right to

18 appeal that conviction, and if you couldn't afford the costs of

19 that appeal, the costs would be paid for at the public's expense

20 and an attorney appointed for you, again at the public's expense,

21 but you're giving up that right to appeal because there's not

22 going to be a trial to appeal from, and you're also giving up the

23 right to appeal the sentence of this Court.  Do you understand

24 that?

25      THE DEFENDANT:  Yes.

1        THE COURT:  Okay.  You're also giving up your right to

2   file a collateral attack on your conviction at sentencing; that

3   is, through 28 U.S.C. 2255 or 2241, though you are reserving the

4   right to claim that your counsel was ineffective in connection

5   with the negotiation of this plea agreement, the entry of your

6   guilty plea or arguments made at sentencing.  Do you understand

7   that?

8        THE DEFENDANT:  Yes.

9        THE COURT:  You're also giving up your right to obtain any

10  records from the government pursuant to the Freedom of

11  Information Act or the Privacy Act.  Do you understand that?

12       THE DEFENDANT:  Yes.

13       THE COURT:  I think we're up to paragraph 23.  Are you

14  with me, counsel?

15       MR. EARNEST:  Yes, Your Honor.  22 is repetitive.

16       THE COURT:  I think so.

17       MR. EARNEST:  So 23.

18       THE COURT:  Okay.  Is the government's attorney tracking

19  this, making sure we're not skipping -- I think some of these are

20  repetitive to what I've already done, but I want to make sure I'm

21  not skipping anything.

22       Mr. Lopez-Falcon, I want to make sure you understand that

23  pleading guilty today has consequences on your immigration

24  status.  It's my understanding you're not a citizen of the United

25  States; is that correct?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And that given the crime that you're pleading

3     guilty to, your removal from this country is mandatory; is that

4     correct?  Do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you want to plead guilty no matter that you

7     might be removed from this country, right?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Paragraph 24.  This plea agreement binds only

10    the narcotic and dangerous drug section, criminal division, of

11    the United States Department of Justice.  It does not bind any

12    other office or agency of the United States government.  They

13    remain free to prosecute you for any offenses committed within

14    their respective jurisdictions.  Do you understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Okay.  I'm going to ask you, have any promises

17    been made to you by anyone connected with the government other

18    than the ones contained in this plea agreement?

19         THE DEFENDANT:  I didn't understand.

20         MR. EARNEST:  If you could repeat the question.

21         THE COURT:  Have any promises, other than the ones

22    contained in this plea agreement, been made to you by anyone

23    connected with the government?

24         THE DEFENDANT:  No.

25         THE COURT:  Okay.  And do you understand that this plea

1    agreement cannot be changed or altered unless it's done here in

2    open court or in a writing signed by you and the government?  Do

3    you understand that?

4         THE DEFENDANT:  Yes.

5         THE COURT:  I'm going to ask government's counsel at this

6    time to set forth a factual basis for the plea.  Do you want to

7    do that on the record or do you want to rely on the written

8    Statement of Facts?

9         MR. ROSALES:  The government would rely on the written

10   Statement of Facts as proposed to the Court and signed by the

11   defendant and his counsel.  I just reiterate that those, as

12   stated in the Statement of Facts, do not include all facts known

13   to the parties but sets forth what we believe to be minimally

14   sufficient for a plea of guilty today.

15        THE COURT:  Counsel, let me ask you, you've reviewed the

16   Statement of Facts.  Does it adequately cover the charges and the

17   elements of the charges contained in the indictment?

18        MR. EARNEST:  Yes, it does, Your Honor.

19        THE COURT:  Okay.  Let me ask Mr. Lopez-Falcon once more,

20   you've read the Statement of Facts?

21        THE DEFENDANT:  Yes.

22        THE COURT:  Is it true and correct?

23        THE DEFENDANT:  Yes.

24        THE COURT:  And you've signed it on the last page?  That's

25   your signature?

1        THE DEFENDANT:  Yes.

2        THE COURT:  What about the elements of the offense,

3   counsel, do you want to rely, as it's is set forth in writing, or

4   do you want to go over it in court?

5        MR. ROSALES:  Judge, we'll rely on it as it's set forth in

6   writing.

7        THE COURT:  And then I'll ask you, are they correct?

8        MR. EARNEST:  Yes, they are correct.

9        THE COURT:  And you're satisfied that the Statement of

10   Facts adequately supports and covers the elements of the offense

11        MR. EARNEST:  We are satisfied, Your Honor.

12        THE COURT:  Okay.  Okay.  Then what I am going to do at

13   this time, and I think I have already made a finding that

14   Mr. Lopez-Falcon is competent to enter a plea, he's aware of the

15   charges against him and the consequences of pleading guilty, and

16   I'm finding that the plea of guilty is made knowingly and

17   intelligently and voluntarily, and it's supported by the facts

18   set forth in the Statement of Facts, and that it supports each

19   element of the offense charged, but at this time I am not -- I'm

20   reserving accepting the final acceptance of the plea until such

21   time as I receive a presentence report to determine whether or

22   not, in fact, the Court will go along with the 216-month

23   recommendation.

24        So, having made those findings, let me advise you,

25   Mr. Lopez-Falcon, what will happen now is that a probation

1    officer will meet with you and will prepare a presentence report.

2    This presentence report is very important because it helps the

3    Court determine what your sentence should be.  So, the

4    presentence officer will be asking you about your background and

5    about the facts of this case.  He or she will then summarize that

6    in a report to the Court.  They will also analyze how the

7    Sentencing Guidelines apply to your case, and they will make a --

8    he or she will make a recommendation about a sentence to the

9    Court.  You and your attorneys will receive a copy of the report,

10   have an opportunity to go over it.  The government will also

11   receive a copy of the report.  Both sides will have an

12   opportunity to file objections if anything in the report appears

13   inaccurate or incorrect, and then you will have an opportunity to

14   address the Court at the time of sentence.  So that is the next

15   step, all right?  Do you understand you're going to be

16   interviewed by this probation officer and it's important that

17   your representations to him or her be completely accurate?  Okay?

18          THE DEFENDANT:  Yes.

19          THE COURT:  I'll ask the government, is there anything

20   further I need to cover today?

21          MR. ROSALES:  Maybe one more thing, Your Honor, if I may

22   speak to counsel briefly.

23          THE COURT:  Please.

24          (Discussion had off the record.)

25          MR. ROSALES:  Judge, there is one issue that came up at

1    the beginning of today's proceedings.  When asked to state his

2    name for the record, the defendant stated his name as Ediel Lopez

3    Garcia.  I will ask the Court to ask the defendant if he, in

4    fact, acknowledges that he is the individual listed in the

5    indictments and in today's proceeding and papers as Ediel Lopez-

6    Falcon, with the alias of Garcia.

7         THE COURT:  You've heard what the government just asked me

8    to ask you.  Is your true and correct name Ediel Lopez-Falcon?

9         MR. EARNEST:  I beg your pardon, Your Honor?  I believe

10   that the question the government is proposing that you ask my

11   client whether he acknowledges that he is the person named in the

12   indictment as Ediel Lopez-Falcon.

13        THE COURT:  Okay.  Are you, indeed, the person named in

14   the indictment as Ediel Lopez-Falcon, also known as --

15        THE DEFENDANT:  Yes, yes.

16        THE COURT:  Okay.  I have another set of questions, which

17   is do we have the signed Statement of Facts here and shouldn't

18   that be filed under seal?  Whatever you're filing today,

19   shouldn't it be filed under seal?

20        MR. ROSALES:  No, Judge.  This is a straight plea

21   agreement.  I did just notice, however -- Your Honor has the

22   signed originals before you, and I did just notice that there was

23   a mistake in the caption of the Statement of Facts.  The caption

24   does list it as filed under seal; it should not be filed under

25   seal.

1    THE COURT:  It did say "filed under seal," and it is -- it

2  has all the signatures.  Should I cross that out?

3    MR. ROSALES:  Yes, Judge, please.

4    THE COURT:  Okay.  All right.  Let me make sure that,

5  indeed, the copies -- Counsel, I did not realize that what I was

6  working with was the original plea agreement.  Consequently, I

7  have made comments on it.  Can you get another copy put together

8  today?

9    MR. ROSALES:  I can, Your Honor.  Unfortunately, I did the

10  same with the copies I have.  I made comments on them as well.

11    THE COURT:  Well, I want to get you all to sign before you

12  all leave here, so if you possibly can.  Wait a minute, counsel,

13  I, indeed, do not have -- I, indeed, made my comments on a copy.

14  I'm going to hand down through the clerk to you what I understand

15  to be the originals and make sure that they are.

16    Gentlemen, I have two signed copies of the same documents,

17  so I want you to be sure whatever you file is the original.

18    If you could give the copies back to the clerk, that would

19  be good, and then I will have copies.

20    MR. ROSALES:  This is a copy.

21    THE COURT:  I think you have all the originals.  Do you

22  have all the originals?

23    MR. ROSALES:  Yes, Your Honor, we have all the originals.

24    THE COURT:  Okay.  So the understanding is that I am only

25  conditionally accepting the plea agreement.  Final acceptance of

1    the plea agreement will await sentencing.

2          MR. EARNEST:  Yes, Your Honor.

3          THE COURT:  Okay.

4          MR. ROSALES:  Judge, if I may ask you to also on the

5    original Statement of Facts cross out "filed under seal" or I

6    could do it, if you want.

7          THE COURT:  Please do it.  The one I crossed out, I

8    thought was the original.

9          Counsel, do you have a suggestion about a sentencing date?

10         MR. ROSALES:  Judge, how much time does probation need to

11   prepare the presentence report?

12         THE COURT:  I think they're asking for about 90 days at

13   this point, am I correct?

14         THE COURTROOM CLERK:  Yes, Your Honor; 90 days is May 4th.

15         THE COURT:  Okay.  May 4th?  What day is that?  Is that a

16   weekday?  That's all I care about.

17         THE COURTROOM CLERK:  May 4th, Your Honor, is a Monday.

18         MR. ROSALES:  That's fine with the --

19         MS. LAKE:  May I have a moment?

20         THE COURT:  If it's 90 days for the report -- wait a

21   minute.  That's what you were going to say.  If it's 90 days for

22   the report, then you need some time after the report, at least a

23   week or two, I would think, to prepare objections.

24         MR. EARNEST:  That's true.  So I think we're looking at

25   the end of May, don't you?

1        MR. ROSALES:  I think that would be a safer bet.

2        THE COURT:  Why don't we pick a day in the last week in

3   May.  I see you're looking at the 25th.  Does that sound --

4        MS. LAKE:  That's a court holiday, Your Honor.

5        THE COURT:  I'm glad somebody's watching.  It's Memorial

6   Day.

7        THE COURTROOM CLERK:  Yes, Your Honor.

8        THE COURT:  Okay.  Well, let's pick the 26th.  How much

9   time do you think you need for your objections, assuming that

10  we're going to get the report about May 4th?

11       MR. EARNEST:  That's the final report.  We will have had a

12  draft before, so I don't think we require a lot of time for

13  objections.

14       THE COURT:  So, May 26th should be certainly enough time,

15  but it might even be better to do it before or is May 26th okay?

16       MR. ROSALES:  May 26th.

17       MS. LAKE:  May I have a moment, Your Honor?

18       THE COURT:  Yes.

19       (Discussion had off the record.)

20       MR. EARNEST:  The 26th is fine, Your Honor.

21       MR. ROSALES:  Judge, may counsel and I approach?  There's

22  an issue with -- a potential issue with the date that I would not

23  like to put out in open court.

24       THE COURT:  Do you want to give me a date?

25       MR. ROSALES:  Well --

1          THE COURT:  Will this issue be an issue every day?

2          MR. ROSALES:  It may be an issue with any dates.

3          THE COURT:  Sure, why don't you come up.

4          (Following sidebar discussion had on the record:)

5          MR. ROSALES:  Your Honor, what I wanted to inform the

6    Court is that while we may be setting a date, I may not be

7    present for the sentencing, but someone from my office will cover

8    it, and you may -- physically, I can do the case, but --

9          MR. EARNEST:  We don't object to a continuance.

10         MR. ROSALES:  That was going to be my other suggestion, is

11   that we may be asking for a continuance, depending on the

12   circumstances.

13         THE COURT:  All right.  No problem.

14         MR. ROSALES:  So now May 26th works perfectly.

15         THE COURT:  Let's put it on the 26th with the

16   understanding that it may be moved.

17         MR. ROSALES:  Okay.

18         THE COURT:  It's my understanding we're setting the date

19   for May 26th at 10:00.

20         MR. ROSALES:  Thank you, Your Honor.

21         THE COURT:  Okay.  If there's nothing further, the parties

22   may be excused.

23         (Proceedings adjourned at 10:59 a.m.)

24

25

1

2

## C E R T I F I C A T E

3

       I, Scott L. Wallace, RDR-CRR, certify that
the foregoing is a correct transcript from the record of
proceedings in the above-entitled matter.

4

5

   /s/ Scott L. Wallace             2/1/17

6

   ---------------------------    ----------------
    **Scott L. Wallace, RDR, CRR**     **Date**

7

     **Official Court Reporter**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25